UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEANETTE GAY,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     3:16-cv-01693 |
| | : |
| CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br>    Defendant. | :<br>:<br>: |

## **MEMORANDUM OF DECISION**

This matter is before the court pursuant to 42 U.S.C. § 405(g) to review the decision of the Commissioner of Social Security denying the application of claimant Jeanette Gay for Title II disability insurance benefits. Claimant has moved for an order reversing the decision of the Commissioner for the reason that said decision is not supported by substantial evidence. Claimant has moved in the alternative to remand the case for a hearing because errors committed by the ALJ prevented claimant from receiving a full and fair hearing. The Commissioner has moved for an order affirming the final decision of the Commissioner for the reason that the Commissioner's findings are supported by substantial evidence.

On February 28, 2013, claimant filed an application for disability benefits, alleging disability beginning January 23, 2012. The claim was denied on May 3, 2013, and again upon reconsideration on October 2, 2013. Claimant appeared represented by her attorney at a hearing before ALJ Robert A. DiBiccaro on November 7, 2014. The ALJ issued an unfavorable decision on March 27, 2015, and the Appeals Council denied claimant's request for review, rendering the ALJ's decision final. This action followed.

**STANDARD OF REVIEW**

This court's review is limited to whether the findings of the Commissioner are based on correct legal standards and supported by substantial evidence. <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971). Substantial evidence is such that a reasonable mind might accept as adequate to support a conclusion. <u>Id.</u>

Disability is determined based upon the five-step sequential evaluation process described in 20 C.F.R. § 404.1520 (2012). The burden rests with the claimant through the first four steps but shifts to the Commissioner at step five. <u>Berry v. Schweiker</u>, 675 F.2d 464, 467 (2d Cir. 1982). First, the claimant must prove that she is not currently engaged in substantial gainful activity. Second, the claimant must prove her impairment is severe in that it significantly limits her physical or mental ability to do basic work activities. Third, if the claimant proves that her impairments meet or equal one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, she will be determined disabled. Fourth, if not determined disabled at step three, the claimant must prove that she is not capable of meeting the physical or mental demands of her past relevant work. If the claimant is successful at step four, the burden shifts to the Commissioner at step five to prove that the claimant is capable of performing other work in light of her age, education, work experience, and residual functional capacity. If the claimant is not capable of making an adjustment to other work, she will be determined disabled. <u>See</u> 20 C.F.R. §§ 404.1520.

**DISCUSSION**

**I. Step Three Listed Impairment: Hidradenitis Suppurativa**

Claimant asserts that her skin disorder meets a listed impairment at step three. Claimant argues that she meets listing impairment 8.06 under App. 1 to Subpart P of Part 404: "Hidradenitis suppurativa, with extensive skin lesions involving both axillae, both inguinal areas

or the perineum that persist for at least 3 months despite continuing treatment as prescribed." Claimant contends that the evaluation of her case should have ended at step three, where she should have been granted benefits.

The Commissioner responds that the ALJ specifically considered the listing for hidradenitis suppurativa. In addition to finding that claimant's skin lesions were insufficiently persistent, the ALJ found that claimant's lesions, when present, did not cause a "very serious limitation" as required to meet Listing 8.06. Examples of extensive skin lesions that result in a very serious limitation include but are not limited to lesions that very seriously limit the use of more than one extremity, lesions on the palms of both hands that very seriously limit the ability to do fine and gross motor movements, and lesions on the soles of both feet, the perineum, or both inguinal areas that very seriously limit the ability to ambulate. See 20 C.F.R. Part 404, Subpart P, App'x 1, § 8.00(C).

Here, the ALJ found that claimant's physical examinations with her treating physician, Dr. Perlin, were essentially normal with no limitations noted. Dr. Perlin repeatedly observed that claimant had normal gait, full strength and tone in her upper and lower extremities, and normal reflexes. Moreover, claimant reported to her rheumatologist that she worked out daily and informed SSA that she regularly attended computer classes. The ALJ found claimant's statements concerning the intensity, persistence, and limiting effects of her symptoms to be only partially credible. In its totality, the evidence affords a reasonable basis for the ALJ's finding that claimant's lesions did not cause a very serious limitation. Accordingly, the conclusion of the Commissioner that claimant's hidradenitis suppurativa was not severe enough to meet Listing 8.06 was supported by substantial evidence.

## II. Residual Functional Capacity Assessment and Vocational Testimony

Claimant asserts that the ALJ failed to include the effect of her pain as part of her residual functional capacity evaluation. In addition, claimant contends that the ALJ should have considered her limited use of her right hand and her use of a prescription four-pronged cane.

Claimant argues that the ALJ was required to secure testimony from a vocational expert in light of claimant's significant nonexertional limitations. See Bapp v. Bowen, 802 F.2d 601, 605 (2d Cir. 1986) (finding that if a claimant's nonexertional impairments significantly limit the range of work permitted by her exertional limitations, the grid guidelines may be insufficient, and testimony from a vocational expert may be necessary). Claimant submits that in addition to her general pain limitations, she has trouble remaining seated, which erodes her ability to perform sedentary work. Claimant argues that her hand use problems and need for a cane constitute further nonexertional impairments and contends that the ALJ should have secured the testimony of a vocational expert to determine how her nonexertional limitations impact her ability to perform jobs available in the labor market.

The Commissioner responds that reliance on the Medical-Vocational Guidelines was appropriate in this case because claimant did not have any nonexertional limitations. See Pratts v. Chater, 94 F.3d 34, 39 (2d Cir. 1996) ("Generally speaking, if a claimant suffers only from exertional impairments, e.g., strength limitations, then the Commissioner may satisfy her burden by resorting to the applicable grids."). The parties disagree over the existence of claimant's alleged nonexertional limitations, not about the legal ramifications of such limitations.

The Commissioner argues that the ALJ's residual functional capacity finding accounts for all of claimant's *credibly established limitations*, and the record does not compel any

reasonable factfinder to have assessed greater restrictions.  In other words, claimant's failure to establish nonexertional limitations obviated the need for the ALJ to consider those alleged limitations when assessing the labor market.

C.F.R. § 404.1569a describes nonexertional limitations as restrictions which affect one's ability to meet the demands of jobs other than the strength demands.  Demands other than sitting, standing, walking, lifting, carrying, pushing or pulling are considered nonexertional.

Here, the ALJ considered claimant's complaints of pain and related functional limitations in determining her residual functional capacity and found that although claimant's complaints were partially credible, she was capable of medium work.  The ALJ concluded that the medical opinions of State Agency physicians Dr. Golkar and Dr. Bennett, along with treating physician Dr. Perlin's notations of "minor complaints" accompanying otherwise normal physical examination findings, undermined claimant's allegations regarding the extent of her limitations.  For example, Dr. Perlin's notes from June 2014 describe claimant as well hydrated, cooperative and well groomed, well nourished, not in acute distress or sickly, with a normal gait.  Tr. 674.  "If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld."  McIntyre v. Colvin, 758 F.3d 146, 149 (2d Cir. 2014).  Substantial evidence supports the Commissioner's conclusion that claimant's nonexertional limitations do not significantly limit the range of work permitted by her exertional limitations.  Moreover, substantial evidence supports the Commissioner's conclusion that claimant is capable of medium work.

## CONCLUSION

Based on the foregoing, the decision of the Commissioner is affirmed, and claimant's appeal is dismissed. A final judgment consistent with this decision shall be entered.

Dated this 16th day of February, 2018, at Bridgeport, Connecticut.

       /s/Warren W. Eginton
       WARREN W. EGINTON
       SENIOR UNITED STATES DISTRICT JUDGE